IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ISAAC T. WASHINGTON                                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO.  5:08cv224-DCB-MTP
                                                        APPEAL NO. 09-60129

HARLEY LAPPIN, et al.                                                        DEFENDANTS

ORDER

     This cause comes before this Court on plaintiff's response and motion to proceed in
forma pauperis [21] on appeal filed on March 4, 2009.  Additionally, this Court has considered
the appellant's application for leave to proceed in forma pauperis on appeal, the certified trust
fund account statement or institutional equivalent, and all consents and other documents required
by the agency having custody of the appellant to withdraw funds from the account.

     The application for leave to proceed in forma pauperis on appeal [21] pursuant to 28
U.S.C. § 1915 is **DENIED** for the following reason:

     Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the court
     certifies that the appeal is not taken in good faith.

     The plaintiff voluntarily dismissed the instant civil action on June 30, 2008, by
     filing a notice of voluntary dismissal [11].  In his notice of appeal [18] filed
     February 24, 2009, he states he filed his notice of voluntary dismissal in the
     instant civil action so that he could exhaust his administrative remedies.  Pursuant
     to the plaintiff's notice [11] and Rule 41(a)(1) of the FEDERAL RULES OF CIVIL
     PROCEDURE, this court dismissed, without prejudice, this "first complaint" filed
     by the plaintiff.

     This court finds upon a review of the court records that the plaintiff filed on
     December 24, 2008, a separate civil action concerning the same claims asserted in
     the instant civil action.  The newly filed civil action, *Washington v. Lappin, et al.*,
     civil action no. 5:08cv 342DCB-MTP, is presently pending in this court.
     Therefore, this court finds that the appeal in the instant civil action is not taken in
     good faith.


     Although this court has certified that the appeal is not taken in good faith under 28 U.S.C.
§ 1915(a)(3) and Fed. R. App. P. 24(a)(3), the applicant may challenge this finding pursuant to
Baugh v. Taylor, 117 F. 3d 197 (5th Cir. 1997), **by filing a separate motion to proceed IFP on
appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days**

**of this order**. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

If Washington files a separate motion to proceed IFP on appeal with the Clerk for the Fifth Circuit, he is assessed an initial partial fee of $1.67. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, the prisoner/appellant shall pay $453.33 balance of the appeal fee, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total appeal fee of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court, P.O. Box 23552, Jackson, Mississippi 39225-3552.

If the appellant moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the Inmate Accounting Office, FCI-Yazoo, P.O. Box 5666, Yazoo City, MS 39194, or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

SO ORDERED, this the __6th__ day of March, 2009.


_____ s/ David Bramlette _____
UNITED STATES DISTRICT JUDGE